# Richmond

CITY OF DANVILLE V. P. G. RAGLAND, COMMISSIONER OF
REVENUE OF THE CITY OF DANVILLE.

February 26, 1940.

Record No. 2171.

Present, All the Justices.

The opinion states the case.

*E. Walton Brown,* for the plaintiff in error.

*Meade & Talbott,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

In December, 1938, a dispute arose between the council of the city of Danville and P. G. Ragland, commissioner of revenue of that city, as to whether the appointment of a deputy by the commissioner of revenue was subject to the approval of the council. The council claimed the privilege of approving such appointment by virtue of a provision of the city charter which reads as follows:

"The treasurer, collector, commissioner of the revenue, and constable may each appoint one or more deputies: provided, such appointments meet the approval of the council: and provided, further, that the securities of said officers, respectively, shall be liable as well for the acts of said deputies as for those of their principals." (Acts 1889-90, ch. 262, p. 411, section 7.)

The commissioner of revenue contended that his power of appointment of a deputy was controlled by Code, section 2701, as amended by Acts 1938, ch. 15, p. 17, which reads thus:

"The treasurer of any county or city, the sheriff of any county, the sheriff or sergeant of any city, any commissioner of the revenue, any county surveyor, any county clerk and the clerk of any circuit or city court, may appoint one or more deputies, who may discharge any of the official duties of their principal during his continuance in office, unless it be some duty the performance of which by a deputy is expressly forbidden by law. The officer making any such appointment shall certify the same to the court in the clerk's office of which the oath of the principal of such deputy is filed, and a record thereof shall be entered in the order book of such court. Any such deputy, before entering upon the duties of his office, shall take and subscribe

the oath now provided for county officers, which oath shall be filed with the clerk of the court in whose office the oath of his principal is filed, and such clerk shall properly label and file all such oaths in his office for preservation. Any such deputy may be removed from office by his principal. Such deputy may also be removed by the court as provided by section twenty-seven hundred and five of this Code."

In a proceeding for a declaratory judgment filed by the commissioner of revenue against the city, the lower court held that the charter provision making the commissioner's appointment of a deputy subject to the approval of the council had been repealed by implication by sections 117 and 119 of the Constitution of Virginia, as amended in 1928.

Section 117 of the Constitution, as amended, provides with reference to charters of cities and towns: " * * * every such charter is hereby amended to conform to all of the provisions, restrictions, limitations and powers set forth in this article, or otherwise provided in this Constitution."

The material language in section 119 of the Constitution, as amended, with respect to commissioners of revenue in cities, and as found in the appendix to Michie's Code of 1936, reads as follows: "The duties and compensation of such officers shall be prescribed by *general* law." (Italics supplied.)

The trial court was of opinion that the appointment of a deputy was one of the "duties" which were "prescribed by general law," that is, by Code, section 2701, as amended, and that, therefore, the charter provision was no longer in effect.

Counsel for both sides as well as the trial court assumed that the language of section 119 as above written was correct. However, at the oral argument before us the question was raised as to whether the italicized word "general" was properly a part of the amended section.

An examination of the original records pertaining to the adoption of the amendments to the Constitution in 1928 reveals this situation with reference to section 119:

At the 1927 extra session the joint resolution proposing an amendment to several sections of the Constitution, as finally adopted, included the word "general" in section 119. (Enrolled Bills, 1927 Extra Session, p. 82; Acts of Assembly, 1927 Extra Session, ch. 32, p. 74.)

The joint resolution adopted at the 1928 regular session likewise included the word "general" in section 119. (Enrolled Bills, 1928 Session, p. 352; Acts 1928, ch. 46, p. 281.)

At the 1928 session the General Assembly passed an act to provide for the submission to the people for ratification or rejection the proposed amendments to several sections of the Constitution, including section 119, and to provide when and how such election shall be held, to designate the persons who may vote in such election, and to provide for the ascertainment and proclamation of the result of such election. (Acts 1928, ch. 205, p. 636.) This act originated as Senate Bill 382. An examination of the original bill as offered, printed and engrossed shows that the word "general" was included in section 119. On March 2nd, after the adoption of certain amendments which are not here material, the bill was passed. (Senate Journal 1928, p. 585.)

The bill was communicated to the House of Delegates on March 3rd and referred to the proper committee. (House Journal 1928, pp. 709-710.) On March 5th it was reported and passed without any amendment to section 119. (House Journal 1928, p. 762.)

However, as recorded in the Enrolled Bills of 1928, p. 902, and approved by the Governor on March 14, 1928, the word "general" is omitted from section 119. See also, printed Acts 1928, ch. 205, pp. 666, 667.

An examination of the Governor's proclamation of July 27, 1928, filed in the office of the Secretary of the Commonwealth, showing the result of the submission of the proposed amendments to the people for ratification, as required by the act (Acts 1928, ch. 205, p. 701), discloses that the proposal for the amendment to section 119, as submitted, did not include the word "general."

■■ The submission to the people and the ratification by them of a proposed amendment to the Constitution are necessary steps in the process of amending that instrument. (Constitution, section 196; *Scott* v. *James*, 114 Va. 297, 303, 76 S. E. 283.) It follows, therefore, that in the instant case the word "general," which was not in the proposed amendment to section 119 as submitted to and ratified by the people, must be excluded.

■ With the exclusion of the word "general," section 119, as amended in 1928, provides that the "duties" of a commissioner of revenue of a city "shall be prescribed by law."* There is, then, no basis for holding that the provision of the city charter was repealed by implication by the amendment to this section.

Our next inquiry is, Has the charter provision upon which the city relies been repealed by implication by some subsequent act of the General Assembly? It is conceded that there has been no express repeal of the provision.

Section 817 of the Code of 1887 provided that "any commissioner of the revenue" and treasurer of any county or city, sheriff of any county, sergeant of any city, county surveyor, and clerk of any court, "with the consent of the court of his county or corporation," or the judge thereof in vacation, might appoint one or more deputies.

By the Acts of 1893-94, ch. 432, p. 493, that section was amended and re-enacted so as to read as follows:

"Appointment of deputies; their powers; how removed.— The treasurer of any county or city, the sheriff of any county, the sheriff or sergeant of any city, any commissioner of the revenue, any county surveyor and the clerk of any county, corporation or hustings court, with the consent of the court of his county or corporation, and the separate clerk of any circuit court and the clerk of the chancery court of the city of Richmond, with the consent of such circuit or chancery court, or, in any case, with the consent of the

---

*The provision with respect to the duties of a commissioner of revenue of a city, in section 119, prior to the 1928 amendment, is the same.

judge of the court in vacation (the said consent in vacation being giv*ing* in writing) may appoint one or more deputies, who may discharge any of the official duties of their principal during his continuance in office, and until his successor is qualified, unless it be some duty the performance of which by a deputy is expressly forbidden by law. Any such deputy may be removed from office either by his principal or by the court, or by the judge in vacation. * * * "

Subsequently the section was amended and re-enacted, with changes not here material, by Acts of 1897-98, ch. 202, p. 225, and Acts of 1902-3-4, ch. 418, p. 654.

In each amendment to and re-enactment of this section commissioners of revenue and certain other officials were given the power to appoint one or more deputies with the consent of the court or the judge thereof.

The same power was given to commissioners of revenue by section 2701 of the Revised Code of 1919. That section remained in effect until the Acts of 1938, ch. 15, p. 17, *supra,* when the provision for the consent of the court or the judge thereof to the appointment by a commissioner of revenue and other officers named in the section of a deputy or deputies was eliminated.

We thus see that, since the adoption of the provision in the charter of the city of Danville in the Acts of 1889-90, making the appointment by the commissioner of revenue of a deputy subject to the approval of the council, the Legislature has on four subsequent occasions provided that, "any commissioner of the revenue" shall have the authority to appoint a deputy or deputies "with the consent of the circuit court of his county or corporation court of his city." And, finally, by the Acts of 1938, ch. 15, p. 17, *supra,* it has given such commissioners of revenue throughout the State the absolute power and authority to appoint one or more deputies, and has removed the requirement that such appointments be subject even to the consent of the court.

■■ While it is true that repeals by implication are not favored, it is well settled that where, as here, an old and a new law are in direct conflict and can not be reconciled, the

former is deemed to have been repealed by implication and the more recent expression of legislative intent must prevail. See *Commonwealth* v. *Sanderson,* 170 Va. 33, 39, 195 S. E. 516; *Petersburg* v. *General Baking Co.,* 170 Va. 303, 311, 196 S. E. 597; *Commonwealth* v. *Rose,* 160 Va. 177, 180, 168 S. E. 356; *Ex parte Settle,* 114 Va. 715, 720, 77 S. E. 496; *Somers* v. *Commonwealth,* 97 Va. 759, 761, 33 S. E. 381.

The record discloses that, notwithstanding the provision in the city's charter, the council has never before, during the past thirty years, claimed the right to approve the appointment of deputies of the commissioner of revenue. On the other hand, such appointments have always been approved by the corporation court, as provided by the general law. This, no doubt, was due to the fact that the city authorities recognized that the provision in the charter had long ago been repealed and superseded by the provisions of the general law.

For the reasons stated we think that the trial court correctly held that the proposed appointment of a deputy by the commissioner of revenue of the city of Danville was not subject to the approval of the city council.

The judgment is

*Affirmed.*